**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASPAL SINGH BAL, | No. 20-72596 |
| Petitioner, | Agency No. A098-752-208 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Jaspal Singh Bal, a native and citizen of India, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to remand

and dismissing his appeal from an immigration judge's ("IJ") decision finding him

removable and denying his application for withholding of removal and relief under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the BIA's denial of a motion to remand.  *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  We deny the petition for review.

In his opening brief, Bal does not challenge the BIA's determination that he waived any challenge to the IJ's denial of withholding of removal based on the determination that he was convicted of a particularly serious crime.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Bal also does not challenge the determination that he was removable as charged or the denial of deferral of removal under CAT.  *See id*.  Thus, we deny the petition for review as to removability, withholding of removal and relief under CAT .

The BIA did not abuse its discretion in denying Bal's motion to remand to consider new evidence for deferral of removal under CAT, where he failed to demonstrate that the evidence he submitted was previously unavailable and could not have been discovered or presented at the former hearing.  *See* 8 C.F.R. § 1003.2(c)(1); *see also Movsisian*, 395 F.3d at 1097-98 (a motion to reopen, filed while an appeal is pending before the BIA, is treated as a motion to remand).

**PETITION FOR REVIEW DENIED.**